UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VANESSA D. DURHAM, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | C.A. No. 09- |
| ) | |
| APPLIED BANK, ) | |
| EDWIN A. ABRAHAMSEN & ) | |
| ASSOCIATES, P.C. and ) | |
| MICHAEL F. RATCHFORD, ESQ. ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |
| ) | |

## COMPLAINT

### I.  PRELIMINARY STATEMENT

1. This is an action for damages for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq*. ("FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq*. ("CPL"). These laws prohibit debt collectors from engaging in harassing, abusive, deceptive and unfair collection practices.

### II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337. Supplemental jurisdiction is provided by 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III.  PARTIES

4. Plaintiff Vanessa D. Durham is an adult individual residing in Philadelphia, Pennsylvania.

5. Defendant Applied Bank is engaged in the business of extending credit and collecting such debt in this Commonwealth. Defendant regularly attempts to collect debt in this Commonwealth. Defendant is a creditor and/or a debt collector as defined by the FCEUA. Defendant has its headquarters at 601 Delaware Avenue, Wilmington, Delaware 19801

6. Defendant Edwin A. Abrahamsen & Associates, P.C. ("Abrahamsen") is law firm engaged in the business of collecting defaulted consumer debt in this Commonwealth. The principal purpose of Abrahamsen is the collection of such debt using the mails and telephone, and Abrahamsen regularly attempts to collect debt in this Commonwealth. Abrahamsen is a debt collector as defined by the FDCPA. Abrahamsen has offices at 1729 Pittston Avenue, Scranton, Pennsylvania 18505.

7. Defendant Michael F. Ratchford, Esq. (Ratchford") is an attorney employed by Abrahamsen, and has a principal place of business at 1729 Pittston Avenue, Scranton, Pennsylvania 18505. Defendant Ratchford regularly engages in the collection of debt in this Commonwealth and is a debt collector as defined by the FDCPA.

### IV.   FACTUAL ALLEGATIONS

8. At all pertinent times hereto, Defendants Abrahamsen and Ratchford were hired by Defendant Applied Bank to collect moneys relating to a consumer purchase that was allegedly owed to another.

9. The alleged debt at issue arose from transactions that were primarily for personal, family or household purposes.

10. On December 1, 2008, Defendant Applied Bank, represented by Defendants Abrahamsen and Ratchford, filed a Statement of Claim against Plaintiff in the Philadelphia

Municipal Court, at No. SC-08-12-01-3295, demanding payment of $1,058.17.  A copy of the Statement of Claim filed by Defendants against Plaintiff Durham is attached hereto as Exhibit A.

11.     Under Pennsylvania law, a plaintiff seeking to collect on an alleged debt is required to include an itemization of the sums claimed, with an attached copy of an invoice or statement of account and, where the claim is based upon a writing, a copy of the writing or pertinent portions thereof.  If the required copies are not available, the debt collector must so state, provide the reasons therefor and set forth the substance of the writing.  Phila. Mun. Court R.Civ.P. 109(a)(2), (4).

12.     A complaint filed in the state courts of Pennsylvania must contain sufficient documentation and allegations to permit a defendant to calculate the total amount of damages that are allegedly due by reading the documents attached to the complaint and the allegations within the complaint.  *Atlantic Credit and Finance, Inc., v. Giuliana*, 829 A.2d 340, 344-45 (Pa. Super. 2003); *Worldwide Asset Purchasing, LLC v. Stern*, 153 P.L.J. 111 (C.P. Allegheny Dec. 29, 2004); *St. Hill and Associates, P.C. v. Capital Asset Research Corp., Ltd.*, 2000 WL 33711023 (C.P. Phila. 2000); *Marine Bank v. Orlando*, 25 D&C3d 264 (C.P. Erie 1982).

13.     The Statement of Claim filed by Defendants against Plaintiff failed to comply with Pennsylvania law.

14.     Defendants did not attach to the Statement of Claim any documentation (other than a summary of incomplete electronic data) purporting to verify the truth and accuracy of the allegations in the Statement of Claim, such as a written application signed by Plaintiff, an account agreement, any amendments to an agreement, monthly statements or an assignment of the alleged debt to Applied Bank.

15. The Statement of Claim represented that the "principal" due on the alleged debt was the sum of $557.82. *See* Exhibit A.

16. Defendants' statements that the principal balance consisted of $557.82 was false, deceptive and misleading. The principal amount claimed was inaccurate because it included already accumulated interest, charges and fees. This resulted in an inaccurate and overstated amount of principal. Further, Defendants claimed that interest was due and owing without setting forth the basis for such claim, and attached no document showing there existed an agreement to pay interest.

17. The failure of Defendants to comply with Pennsylvania law and allege the amounts of the charges that are part of the claim, the dates of the charges, credits for payments, if any, dates and amounts of interest charges and dates and amounts of other charges in the Statement of Claim, and the failure to attach a copy of a contract, an assignment, an invoice or statement of account, constituted false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt.

18. The Statement of Claim was signed by Defendant Ratchford, who verified the facts set forth in the Statements of Claim as follows: "I, the undersigned, verify and depose that the facts set forth in this Complaint are true and correct and acknowledge that I am subject to the penalties of 18 P.S. 4904 relating to Unsworn Falsification Authorities (sic)." *See* Exhibit A.

19. Pennsylvania Rule of Professional Conduct 3.3 states: (a) A lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal . . .".

20. Pennsylvania Rule of Professional Conduct 3.7 states: "(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness . . .".

4

21. Under Pennsylvania law, a defective verification signed by an attorney for the plaintiff requires the striking of the verification. *Worldwide Asset Purchasing, LLC v. Stern*, 153 P.L.J. 111 (C.P. Allegheny Dec. 29, 2004).

22. The verification was false. The attorney had no personal knowledge or information concerning the facts set forth in the Statement of Claim.

23. Defendants knew when they filed the Statement of Claim that they did not possess evidence proving the alleged debt, such as an application for the account, an invoice, a statement of account or any other writings upon which the claim was based, as required by Municipal Court Rule 109. Defendants did not affirm, as required by Rule 109, that such documents were not available or the reasons they were not available.

24. The improper execution of the Verification by Defendant Ratchford in the case filed against Plaintiff Durham was not an isolated incident. A review of collection complaints filed by Defendants in the Philadelphia Municipal Court shows numerous instances where Defendant Ratchford executed a verification identical in wording to the Verification attached to the Statement of Claim filed against Plaintiff.

25. On February 3, 2009, Plaintiff Durham retained counsel who entered an appearance on her behalf in the Municipal Court case, and the hearing in that case was continued to March 31, 2009.

26. After learning that Plaintiff Durham had retained counsel, and knowing they had no means of proving the alleged debt, Defendants withdrew the claim against Plaintiff, without prejudice.

27. The Defendants' actions described herein violated the FDCPA in a number of ways, as more fully set forth below.

28. The Defendants' deceptive, knowing and deliberate filing of a collection lawsuit without possessing the evidence to prove the existence of a debt violated the FDCPA, the FCEUA and the CPL.

29. Defendant Ratchford's false verification in the Statement of Claim violated the FDCPA, the FCEUA and the CPL.

30. Defendants knew or should have known that their actions violated the FDCPA, the FCEUA and the CPL. Additionally, Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, the FCEUA and the CPL, but neglected to do so and failed to adequately review their actions to insure compliance with said law.

31. As a result of the filing of the lawsuit and the Defendants' other actions described above, Plaintiff suffered an ascertainable loss of money or property. She incurred expenses to hire counsel to represent her in defending against the claim and to attend the Municipal Court hearing. Further, Defendants' dismissal of the Statement of Claim without prejudice means that Plaintiff remains subject to continued improper attempts to collect the alleged debt in the future, all while Defendants know they do not have the evidence to prove the alleged debt.

32. The violations of the FDCPA as set herein constitute violations of the FCEUA, *see* 73 P.S. § 2270.4(a), (b), and hence are unfair and deceptive debt collection practices in violation of the CPL, *see* 73 P.S. § 2270.5(a).

33. Defendants Abrahamsen and Ratchford, as attorneys for Defendant Applied Bank, are the agents of Defendant Applied Bank.

34. Defendant Applied Bank is liable for all wrongful acts committed by its attorneys and agents, Defendants Abrahamsen and Ratchford. *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000); *Ditty v. Checkrite, Ltd., Inc.*, 973 F. Supp. 1320 (D. Utah 1997).

35. At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent, without probable cause and in wanton disregard of federal and state law and the rights of the Plaintiff herein.

## V. CLAIMS FOR RELIEF

### COUNT I - Violation of the FDCPA

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. Defendants are each a "debt collector" as defined by section 1692a(6) of the FDCPA.

38. Plaintiff is a "consumer" as defined by section 1692a(3) of the FDCPA.

39. The lawsuit filed against the Plaintiff by Defendants is a "communication" relating to a "debt" as defined by sections 1692a(2) and 1692a(5) of the FDCPA.

40. Defendants violated the FDCPA as to the Plaintiff. Defendants' violations include, but are not limited to, violations of the Act as evidenced by the following conduct:

    a. Defendants used false, deceptive and misleading representations and means in connection with the collection of the alleged debt, in violation of section 1692e;

    b. Defendants falsely represented the character, amount and legal status of the debt, in violation of section 1692e(2)(A);

    c. Defendants threatened to take action that cannot legally be taken, in violation of section1692e(5);

    d. Defendants used false representations or deceptive means to collect or attempt to collect the debt, in violation of section 1692e(10);

   e. Defendants used unfair or unconscionable means to collect or attempt to collect the debt, in violation of section 1692f;

   f. Defendants attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of section 1692f(1).

  41. Defendants took all the actions described herein while knowing that such filing of an action against Plaintiff was in violation of the Pennsylvania rules and Pennsylvania case law.

  42. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under Pennsylvania law and with the purpose of coercing Plaintiff to pay an alleged debt that Defendants knew they had no evidence of or means of proving.

  43. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff in the sum of statutory damages, actual damages and attorney's fees and costs. 15 U.S.C. § 1692k(a)(1), (2)(A), (3).

## COUNT II - Violation of the FCEUA and CPL

  44. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

  45. Defendant Applied Bank is a debt collector as defined by section 2270.3 of the FCEUA.

  46. Plaintiff is a "debtor" as defined by section 2270.3 of the FCEUA.

  47. The Statement of Claim filed by Defendant Applied Bank is a "communication" relating to a "debt" as defined by section 2270.3 of the FCEUA.

  48. Pursuant to 73 P.S. § 2270.4, violations of the FDCPA by a creditor or a debt collector are violations of the FCEUA.

49. Defendant Applied Bank engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the CPL, by attempting to collect debt in violation of the FCEUA. Defendant Applied Bank violated the FCEUA and CPL by engaging in the conduct described above in violation of the FDCPA.

50. Defendant Applied Bank filed litigation against Plaintiff, in violation of Pennsylvania law, and did so in an unfair and deceptive manner because, among other things, Defendant knew it had no evidence to prove the alleged debt. Defendant's filing of the lawsuit without possessing the means of proving the debt, and its demands for payment, and the submission of a false verification under the penalties of perjury, constituted deceptive conduct which created a likelihood of confusion or misunderstanding, in violation of section 201-2(4)(xxi) of the CPL.

51. Defendant's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay a debt as to which there was no evidence of existence.

52. As a result of the above violations of the FCEUA and CPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages and attorney's fees and costs.

## VI. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That an order be entered declaring that Defendants' actions as described above are in violation of the FDCPA, the FCEUA and the CPL;

(b) That judgment be entered against Defendants for actual damages;

  (c)  That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B), and 73 P.S. § 201-9.2(a);

  (d)  That judgment be entered against Defendants for treble damages pursuant to 73 P.S. § 201-9.2(a);

  (e)  That judgment be entered against Defendants for punitive damages;

  (f)  That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3), and 73 P.S. § 201-9.2(a); and

  (g)  That the Court grant such other and further relief as may be just and proper.

                  Respectfully submitted,

                  **DONOVAN SEARLES, LLC**

Dated: October 7, 2009    By: *s/ David A. Searles*
                  David A. Searles
                  1845 Walnut Street, Suite 1100
                  Philadelphia, PA 19103
                  (215) 732-6067

                  Attorneys for Plaintiff

# EXHIBIT A



# PHILADELPHIA MUNICIPAL COURT
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
34 South 11th Street, Philadelphia, PA. 19107

Louis J. Presenza, President Judge    Patricia R. McDermott, Deputy Court Administrator

## STATEMENT OF CLAIM
# SC-08-12-01-3295

Code: Consumer Purchase - (4)

| Plaintiff | Defendant(s) |
|---|---|
| APPLIED BANK, AKA/DBA: c/o Edwin A. Abrahamsen & Associates, P.C. <br> 1729 Pittston Ave <br> Scranton, PA 18505 | VANESSA D DURHAM <br> 1716 S 32ND ST <br> PHILADELPHIA, PA 19145 |

Service Address (information) if other than above:

*To the Defendant: Plaintiff is seeking a money judgment against the Defendant(s) based on the following claim:*

The amount of $1,058.17 is due and owed for credit granted by APPLIED BANK where the balance is in default since November 13, 2007. This account has been assigned for collection by APPLIED BANK and APPLIED BANK is entitled to all rights, assignments and judgments. The Plaintiff respectfully requests that this court grant judgment in favor of plaintiff and against defendant in the amount of $1,058.17 plus court costs and reasonable attorneys fees.

## Summons to the Defendant
You are hereby ordered to appear at a hearing scheduled as follows:

## Citation al Demandado
Por la presenta, Usted esta dirljido a presentarse a la siguiente:

34 South 11th Street
Philadelphia, PA 19107
Hearing Room: 4A

February 4th, 2009

01:00 PM

## Amount Claimed

| | | |
|---|---|---|
| Principal | $ | 557.82 |
| Interest | $ | 500.35 |
| Attorney Fees | $ | 0.00 |
| Other Fees | $ | 0.00 |
| Subtotal | $ | 1058.17 |
| Service | $ | 0.00 |
| State Fee | $ | 10.00 |
| Automation Fee | $ | 5.00 |
| Court Costs | $ | 20.00 |
| **TOTAL CLAIMED** | $ | 1093.17 |

Date Filed: 12/01/2008

I, the undersigned, verify and depose that the facts set forth in this Complaint are true and correct and acknowledge that I am subject to the penalties of 18 P.S. 4904 relating to Unsworn Falsification Authorities.

MICHAEL F. RATCHFORD

_____
Signature Plaintiff/Attorney
Atty ID #: 086285

Address & Phone

120 NORTH KEYSER AVENUE SUITE 200
SCRANTON, PA 18504
(570) 558-5510

NOTICE TO THE DEFENDANT, YOU HAVE BEEN SUED IN COURT. PLEASE SEE ATTACHED NOTICES.

AVISO AL DEMANDADO LE HAN DEMANDADO EN CORTE. VEA POR FAVOR LOS AVISOS ASOCIADOS.

If you wish to resolve this matter without appearing in court, please contact the attorney shown above immediately.